[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 13761 ON MOTION FOR SUMMARY JUDGMENT
This action was commenced on August 10, 1995. It seeks damages for infliction of emotional distress as against a co-worker. This action was commenced on August 10, 1995.
The plaintiff claims in her affidavit that the course of conduct of the defendant took place in the early part of 1992 through the very end of 1992. The papers filed by the parties, quoting from the defendant's reply memorandum, which quotes the deposition of the plaintiff, uses the phrase "May and December, 1992."
It does not appear from the information submitted for the purposes of this motion as to what transpired in December 1992. The defendant claims that because the alleged physical conduct of the defendant occurred and was completed before May 1992, this action was brought more than three years after said alleged conduct, and therefore the three year statute of limitations as pertains to torts had expired (General Statutes § 52-577).
The defendant also claims that the two year statute of limitations (General Statutes § 52-584) expired prior to the commencement of this action. The plaintiff counters that this is a continuous course of conduct, and that the three year provision of General Statutes § 52-584 is applicable.
The plaintiff states in her testimony before Judge Klaczak, defendant's A-20 "we had no contact after September 28, 1992 except for one time." The defendant does not submit the plaintiff's testimony as to what occurred subsequent to September 28, 1992. The plaintiff in her affidavit on October 28, 1998, defines the conduct, in general, as "stalking me in the workplace, stalking me outside the workplace, following me in his car, staring at me, calling me at home and other intentional wilful and malicious conduct both at work and outside work."
It is a question of fact as to what occurred subsequent to August 10, 1992. It is a question of fact as to when the injury is first discovered. These questions of fact cannot be resolved on the basis of the evidence presented to the court in connection with this motion for summary judgment. CT Page 13762
As to the defendant's claim of failure to exhaust remedies. It is not claimed by the defendant that the alleged conduct of the defendant was the conduct of the employer "by himself or his agent." General Statutes § 46a-60(9). It is not explained how this statute applies to individual claims between co-employees who do not appear to be on different levels of authority in their employment. Further, it does not appear to be contested that when the employer was so notified the employer took appropriate steps to remedy the circumstances. This is not a claim of employee against employer under Chapter 814 of the General Statutes.
As to the defense of Workers Compensation as being the exclusive remedy, Judge Rittenband, in his decision of January 17, 1997 clearly points out that wilful malicious and intentional conduct is a question of fact and further that acts outside the course of employment are not subject to the exclusive remedy provisions of the worker's compensation act.
For the reasons set forth herein, the defendant's motion for summary judgment is denied.
L. Paul Sullivan, J.